CENTER FOR DISABILITY ACCESS
MARK D. POTTER, ESQ., SBN 166317
PHYL GRACE, ESQ., SBN 171771
<u>Mail</u>: P.O. Box 262490
San Diego, CA 92196-2490
<u>Deliveries</u>: 9845 Erma Road, Suite 300
San Diego, CA 92131
Phone: (858) 375-7385
Fax: (888) 422-5191
phylg@potterhandy.com

Attorney for Plaintiff SCOTT JOHNSON

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>          Plaintiff,<br><br>v.<br><br>GREGG HENRIKSON;<br>KJELL O HENRIKSON;<br>RASSAMEE KAITAMMA; and Does 1-10,<br><br>          Defendants. | Case No.: 2:13-CV-02330-TLN-EFB<br><br>**Joint Stipulation of Fact Regarding Defendants' Financial Wherewithal** |

## <u>JOINT STIPULATION</u>

The following terms, phrases, and definitions will be applied in this stipulation and are intended to conform to the usage given in the Americans with Disabilities Act Accessibility Guidelines:

| | |
|---|---|
| **ADAAG**: | Americans with Disabilities Act Accessibility Guidelines found at 28 C.F.R. Part 36. |
| **ACCESSIBLE:** | Complying with the technical requirements of the ADAAG. |
| **SUBJECT PROPERTY:** | Thai Kitchen located at or about 255 N Lake Blvd., Tahoe City, California. |
| **READILY ACHIEVABLE:** | Shall have the same definition as that found at 42 U.S.C. § 12181(9). |
| **BARRIER:** | Any architectural or configuration element of the subject property that does not comply with the technical provisions found in the Americans With Disabilities Act Accessibility Guidelines and/or Title 24 of the California Code of Regulations, and which is identified in the Plaintiff's complaint. |

**PLAINTIFF SCOTT JOHNSON AND DEFENDANTS GREGG HENRIKSON, KJELL O. HENRIKSON, AND RASSAMEE KAITAMMA, BY AND THROUGH THEIR ATTORNEYS OF RECORD, HEREBY STIPULATE:**

**WHEREAS** Plaintiff has propounded written discovery to assist him in determining the ability of the Stipulating Defendant to undergo "readily achievable" barrier removal and to support Plaintiff's damages assessment; and

**WHEREAS** such discovery information is of a personal and confidential nature and, therefore, the Stipulating Defendants have a legitimate concern about unnecessarily producing such information;

The Plaintiff and the Stipulating Defendants enter into the following stipulation:

**Plaintiff**: Plaintiff will currently forbear from propounding any discovery that seeks information concerning the financial status, ability, or wherewithal of the Stipulating Defendants. Plaintiff also withdraws all discovery already propounded concerning this information, namely: Interrogatories, Set One, nos. 3, 7, 9, and 12 and Requests for Production of Documents, Set One, nos. 9, 11, and 12.

**Stipulating Defendants**: The Stipulating Defendants hereby declare that in determining whether the removal of a BARRIER is READILY ACHIEVABLE, factors such as the (1) Stipulating Defendant's financial resources; (2) the facility's financial resources; (3) the "effect on expenses and resources"; and (4) impact on finances, shall NOT be raised by STIPULATING DEFENDANTS as a defense as to why the Stipulating Defendants cannot remedy and/or remove those alleged BARRIERS.

**NOTE:** Stipulating Defendants are **not** stipulating (A) liability to the Plaintiff; (B) that the above identified barrier removals are required by law; (C) that the above referenced barriers exist; or (D) that they are subject to the ADA or related state disability access laws.

**NOTE:** The parties understand that the Plaintiff reserves his right to seek financial information in support of a claim for punitive damages. However, Plaintiff will forbear from seeking that information until Plaintiff believes that further discovery information warrants the prosecution of a punitive damages claim against the Stipulating Defendants. Even if Plaintiff reaches a decision that a punitive damages claim should be prosecuted, Plaintiff will, nonetheless, wait until the end of the discovery window to request such information so as to allow maximum opportunity for resolution of the case.

**IT IS SO STIPULATED.**

Dated: January 29, 2015                               CENTER FOR DISABILITY ACCESS

By:   /s/ Amanda Lockhart
AMANDA LOCKHART
Attorney for Plaintiff

Dated: February 8, 2015                               MICHAEL D. WELCH ASSOCIATES

By:   /s/ Michael D. Welch
MICHAEL D. WELCH
Attorney for Defendants

Approved and So Ordered.

Within 14 days of the date of this order, defendant shall respond to all outstanding discovery requests not withdrawn by plaintiff.

DATED:  February 10, 2015.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE